Cheves, J.
delivered the opinion of the Court.
The only material question in these cases is, whether damages shall be allowed. Damages are, according to the general law merchant, compounded of the ordinary expenses incurred on a bill of exchange which has not been honoured, and the price of re-exchange. The last is the great ingredient. To determine whether damages are due in this case, we ought to inquire what re-exchange is ? It is the means of placing money at the place where the bill is payable; it is the difference between the value of money where the bill is drawn, and where it is payable. If the plaintiff recover in the money of the place where the hill is drawn, he is entitled to this difference. If in this, case he had brought his suit in Nassau, he would have been entitled to the re-exchange; but he has brought his suit in Charleston,, where the bill was payable, and has recovered in the money of Charleston, the difference between the value of money (establishing it by the usage and understanding of merchants in Nassau) in that place and Nassau. This; must be wrong; the( performance of the contract which is sought here, must he according to the laws of this place, as it was a contract to *109 be performed here, viz. the payment of money in Charleston. If the payment has been delayed, A ill , he receives what is on the one hand the penalty, and on the other the remuneration of that delay —legal interest.
The principle of this case was determined in the English Courts in the case of Robinson v. Bland, 2 Burr, 1077, and in this Court in the case of M'Candlish v. Cruger, 2 Bay, 377. On this ground, and for these reasons, I am of opinion a 'new trial in this case ought to be granted. My Brother Bay dissents from the opinion which I have declared on this point, and my brothers Mott and Johnson declare no opinion on it. They are all of opinion, however, that a new trial ought to be granted. My brother Bay is of opinion a new trial ought to be granted, because it does not appear in evidence that the bill was protested and returned to Nassau according to the custom of merchants, because he thinks the damages recovered are only recoverable when these acts of mercantile usages are performed. My brothers Molt and Johnson are of opinion that it was a contract for the payment of money in Charleston. The bill was drawn by a captain of a vessel, whose domicil was in Charleston, on his owner, who was a resident merchant of the same place, and the probable object of the payee was to establish funds in this city. Under these circumstances, they do not consider it merely in the light of a foreign bill of exchange, but as al *110 ready expressed, as a contract to pay money in Charleston, and on such a contract they are of opinion no damages are recoverable. On these gevera] grounds, the Courtis unanimously of opinion that a new trial be granted as well in the 0 of the drawer as the accepter. As to the accepter, we all agree that under no circumstances can he be liable for damages. A new trial is therefore granted in both cases, unless the plaintiff release the damages, in which case the new trial is refused, and the judgment shall stand for the balance.
Gadsden, for the motion.
T. S. Grimké, contra.
Colcock, J. gave no opinion in this case, having been absent during the argument of this and several succeeding cases, holding the District Court for Charleston.